IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:26-CR-16-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JAMES BRIEN COMEY, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court upon defendant's unopposed motion to extend time for filing pretrial motions and to continue arraignment, filed May 20, 2026. (DE 14). For the following reasons, the motion is granted.

## BACKGROUND

Following defendant's waiver of initial appearance in this district, the court entered scheduling order May 8, 2026, setting arraignment for June 30, 2026, with pretrial motions due June 5, 2026. The court also set trial, assuming not guilty plea, to commence July 15, 2026.

Defendant filed the instant motion May 20, 2026, consenting to any resulting period of delay of his trial, and noting lack of opposition from the government to the following proposed schedule:

| | | |
|---|---|---|
| Pretrial motions due | - | July 28, 2026 |
| Responses due | - | August 18, 2026 |
| Replies due | - | September 1, 2026 |
| Arraignment | - | October 2026 term of court |
| Trial | - | Date set at time of arraignment |

As noted in the instant motion, as of May 20, 2026, the government's discovery production remains ongoing. Defendant therefore requests extensions of current pretrial and trial deadlines, where he plans to file "multiple motions" seeking dismissal of the indictment, some of which, he observes, may be dependent upon discovery yet to be produced by the government.

**DISCUSSION**

The court may exclude from speedy trial computation "[a]ny period of delay resulting from a continuance granted by any judge on [the judge's] own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of [the judge's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting a continuance under the "ends of justice" provision, the court must make findings based on a nonexhaustive list of factors, such as the complexity of the case and the time reasonably required by the parties to prepare. See 18 U.S.C. § 3161(h)(7)(B).

Taking defendant's request and the government's lack of opposition into account, the court finds that the ends of justice served by granting the requested continuance and setting arraignment for **September 30, 2026**, outweigh the best interests of the public and defendant in a speedy trial. The gravity of the charges, anticipated further discovery production to defendant, and the need to provide defendant time to file motions based upon same promote need for continuance. Implicit in the government's reported statement of no opposition here is the government's agreement that the ends of justice served by this continuance, for direct benefit of defendant, outweigh the interests of the public in a speedy trial.

In light of the continuance herein granted, and for the same good cause shown, defendant's motion for extension of time to file pretrial motions also is granted. All pretrial motions, including

2

motions to compel discovery, motions to suppress, and motions under Rules 7, 8, 12, 13, 14, 16, and 41 of the Federal Rules of Criminal Procedure, shall be filed no later than **July 28, 2026.** Untimely motions and motions filed in disregard of Local Criminal Rules 12.2 and 16.1, summarily may be denied. Responses to motions shall be filed no later than **August 18, 2026.**

In the regular course, reply briefs are not contemplated within the Federal Rules of Criminal Procedure or this court's local rules. See Fed. R. Crim. P. 12, 47; Local Crim. R. 12.1, 47.1(c) (setting deadlines for responses). Nonetheless, the court in its discretion may alter briefing limitations in local criminal rules, and given defendant's request for reply deadline, the court construes the instant motion as seeking that relief. This motion, too, is granted. Replies to any pretrial motions contemplated above shall be filed no later than **September 1, 2026**. The parties are directed to Local Criminal Rule 47.2(f)(2)(B), which provides that "[a] reply or surreply memorandum (where allowed) shall not exceed 10 pages in length,"

In accordance with the foregoing, arraignment is set at **10:00 a.m. September 30, 2026**, at New Bern. Upon not guilty plea, jury trial shall commence at New Bern **October 21, 2026, at 9:00 a.m.**

The government shall provide its expert witness disclosures to defendant under Rule 16(a)(1)(G), by **October 2, 2026**, and defendant shall provide expert witness disclosures under Rule 16(b)(1)(C) by the same date.

Any motion in limine shall be filed not later than **October 7, 2026**, where the question or issue bearing on admissibility of evidence reasonably can be contemplated in advance of trial. Responses shall be filed **October 14, 2026**.

Not later than **October 7, 2026**, the parties shall file their proposed jury instructions and voir dire. The government shall file a proposed verdict form by that same date.

Any motion for further continuance of arraignment and trial must be filed not later than seven days prior to arraignment and must recite basis for good cause to enable the court to make Speedy Trial Act findings pursuant to 18 U.S.C. § 3161(h).  Any continuance request failing to meet these requirements, absent extenuating circumstances, summarily may be denied.

SO ORDERED, this the 26th day of May, 2026.


_____
LOUISE W. FLANAGAN
United States District Judge

4