NO. 4:26-CR-00016-1-FL-RN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **CONSENT MOTION FOR** |
| v. | ) | **PROTECTIVE ORDER** |
| | ) | |
| JAMES BRIEN COMEY JR. | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, respectfully moves the Court to issue a protective order, for good cause, to expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect information entitled to be kept confidential, to protect the privacy rights of third-party witnesses, pursuant to Federal Rule of Criminal Procedure 16(d). In support of this motion, the government shows the following:

1. On April 28, 2026, a grand jury sitting in the Eastern District of North Carolina issued an indictment in this matter, charging defendant with one count of Threats against the President, in violation of 18 U.S.C. § 871(a), and one count of Transmitting a Threat in Interstate Commerce, in violation of 18 U.S.C. § 875(c). DE 1.

2. The government has compiled discovery in this matter, with the government's investigation beginning on May 15, 2025, and continuing thereafter.

3. The government's discovery includes, but is not limited to, documents that contain personal identity information of third-party witnesses. The concerns detailed

herein cannot be alleviated with redactions as discovery would need to be heavily redacted, resulting not only in a burden to the government, but also to the detriment of defendant's meaningful use.

4. Protective orders are not subject to constitutional or common law scrutiny as there is "no right of access to discovery materials" by the public, with pre-trial discovery usually being conducted in private. *Smith*, 985 F.Supp.2d at 519 (*citing Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir.1999); *Bond v. Utreras*, 585 F.3d 1061, 1074 (7th Cir.2009); *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir.1986); Richard L. Marcus, *Myth and Reality in Protective Order Litigation*, 69 Cornell L.Rev. 1, 37 (1983)). Discovery materials "do not implicate" a presumption of public access, with the presumption only extending "for judicial records and documents." *See United States v. Johnson*, No. 12-CV-1349, 2014 WL 12787211, at *3 (M.D.N.C. February 10, 2014), *citing Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 580 (4th Cir.2004). The Fourth Circuit has held "the First Amendment right of access applies to documents *filed* in connection with plea hearings and sentencing hearings in criminal cases, as well as to *the hearings themselves*." *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir.1986) (Emphasis added). Discovery will "become presumptively accessible under the First Amendment and/or the common law if they later become judicial documents" once this matter is tried before a jury. *Smith*, 985 F.Supp.2d at 525-26 (*citing Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 166 (2d Cir.2013)).

2

5. Given the above, for good cause shown, the United States of America respectfully requests that the proposed protective order be entered by the Court, in the form as proposed with the filing of this motion.

6. In advance of filing the herein motion, the government conferred with defendant's counsel who consents to the entry of the proposed order.

WHEREFORE, the United States of America, respectfully requests that this motion be granted, and that a protective order be entered on the Court's docket.

Respectfully submitted this 24th day of June 2026.

W. ELLIS BOYLE
United States Attorney

BY:   */s/ Timothy M. Severo*
TIMOTHY M. SEVERO
150 Fayetteville Street, Ste. 2100
Raleigh, NC 27601
Telephone: 919-856-4530
Email: Tim.Severo@usdoj.gov
NC Bar No. 19621
Assistant United States Attorney

3

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this 24th day of <u>June</u> 2026 served a copy of the foregoing upon counsel for the defendant in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF system which will send notification of such filing to:

Joseph E. Zeszotarski , Jr. -Local Counsel
Gammon & Zeszotarski, PLLC
Email: jzeszotarski@ghz-law.com

Patrick J. Fitzgerald - Special Appearance
Email: patrickjfitzgeraldlawoffice@gmail.com

Alexander James Kasner - Special Appearance
Email: akasner@cooley.com

Dev Ranjan - Special Appearance
Email: dranjan@cooley.com

Elias Kim - Special Appearance
Email: ekim@cooley.com

Ephraim A McDowell - Special Appearance
Email: emcdowell@cooley.com

Michael Dreeben - Special Appearance
Email: mrd28@georgetown.edu

Rebekah Donaleski - Special Appearance
Email: rdonaleski@cooley.com

BY: */s/ Timothy M. Severo*
TIMOTHY M. SEVERO
150 Fayetteville Street, Ste. 2100
Raleigh, NC 27601
Telephone: 919-856-4530
Email: Tim.Severo@usdoj.gov
NC Bar No. 19621
Assistant United States Attorney

4